**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**ELIXIR INDUSTRIES, Respondent.**

No. 81–7245.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 11, 1982.

Decided July 30, 1982.

W. C. Schumann, Washington, D. C., for petitioner.

Jeffrey Nelson, Nelson & Rexon, Los Angeles, Cal., for respondent.

Before KENNEDY, POOLE, and REINHARDT, Circuit Judges.

REINHARDT, Circuit Judge.

The National Labor Relations Board requests enforcement of its bargaining order against Elixir Industries. The Company refused to bargain with the Wholesale Delivery Drivers and Salesmen Local 848, International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, contending, in defense of the alleged violation of section 8(a)(5) of the National Labor Relations Act, 29 U.S.C. § 158(a)(5) (1976), that the use of a student legal assistant as a hearing officer in the representation hearing rendered certification improper. We enforce the order.

A hearing may be conducted by an "officer or employee" of the regional office. National Labor Relations Act, § 9(c)(1), 29 U.S.C. § 159(c)(1) (1976). Normally, a hearing officer will be an attorney or field examiner but may be another qualified official. 29 C.F.R. § 101.20 (1981). The hearing officer makes no findings or recommendations. His function is to insure that the record contains the pertinent facts necessary for determination of the case by the Regional Director. 29 C.F.R. § 102.64 (1981).

Respondent does not question the fact that a student assistant is an "employee" within the meaning of the statute. There is nothing in the record which would permit us to conclude that the individual designated as a hearing officer by the regional director was unqualified to perform that function or that the regional director did not consider the individual's qualifications before he selected him to serve as a hearing officer.

Nevertheless, the job description for student assistant indicates that their duties include, among other things, "[a]ttending, for information purposes, ... hearings conducted in representation cases." Thus, it is evident that the job description does not contemplate that a student assistant will ordinarily conduct a representation hearing.

While we believe that, under the circumstances of this case, the order must be enforced, we are troubled by the inconsistency between the job description and the job assignment. If the Board intends to permit student assistants to conduct representation hearings in the future, it would be well advised to modify its present job description.

As to the Company's remaining contention, there is substantial evidence in the record to support the Board's findings that the Company chemist was a supervisor, and that the two inventory control workers were office clerical workers. *NLRB v. Big Three Industries, Inc.*, 602 F.2d 898 (9th Cir. 1979). Thus, their exclusion from the bargaining unit was appropriate.

The order is enforced.